1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9      **CENTRAL DISTRICT OF CALIFORNIA**
10     **WESTERN DIVISION**
11

12  SHARROD MOTEN,                    )     No. CV 22-04942-DOC (PLA)
                                      )
13                   Plaintiff,       )
                                      )     **ORDER DISMISSING COMPLAINT WITH**
14          v.                        )     **LEAVE TO AMEND**
                                      )
15  PADRO PULIDO, *et al.*,           )
                                      )
16                   Defendants.      )
17  _____)

18          On July 19, 2022, plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

19  (ECF No. 1).  Plaintiff did not prepay the filing fees and instead submitted a Request to Proceed

20  Without Prepayment of Filing Fees, which was granted on August 11, 2022.  (ECF Nos. 2, 4-6).

21  Plaintiff is a state prisoner who presently is incarcerated at the Kern Valley State Prison in Delano,

22  California, but the incidents giving rise to this action occurred while plaintiff was bing held at the

23  California State Prison in Lancaster, California ("CSP-LAC").  The pleading that plaintiff filed is 39-

24  pages long, but it consists of what appears to be a 9-page Complaint (signed, but not dated, by

25  plaintiff on page 9) that sets forth 12 numbered paragraphs (ECF No. 1 at 1-9); a section that is

26  entitled "Parties," which lists only plaintiff and "Does 1 through 40" (*id.* at 2); a section that is

27  entitled "Summary of Plaintiff's Complaint" that comprises one long and unnumbered paragraph

28  (*id.* at 2-4); and a section that is entitled "Plaintiff [sic] Claims" (*id.* at 4), which includes paragraphs

numbered 8 to 12 (*id.* at 4-9), numerous sub-paragraphs designated by letters (*id.* at 4-8), and a few paragraphs that are unnumbered (*id.* at 8).  Oddly, in paragraph 7 of the pleading, plaintiff references "paragraphs 1 through 20" and states that he is re-alleging those paragraphs "herein." (*Id.* at 2).  However, as noted above, the pleading that plaintiff filed in this action does not contain any paragraphs numbered 13 to 20.  In addition, the pleading does not appear to seek any relief other than in the opening line of the section entitled "Introduction," in which plaintiff states that this "is an action for monetary damages . . . against defendants."  (*Id.* at 1).  Attached to the pleading are what appear to be copies of a Rules Violation Report (*id.* at 10-11), an "Injury Documentation" (*id.* at 12), copies of grievances that plaintiff filed (*id.* at 13-23, 28-31, 36), a document entitled "Affadavit" [sic] that is not signed (*id.* at 24), copies of what appear to be envelopes from plaintiff's mail (*id.* at 25-27), a document entitled "Administrative Segregation Unit Placement Notice" (*id.* at 32-34), and a letter dated October 7, 2021, that appears to be from plaintiff's wife (*id.* at 37-39). The relevance of any of these attachments to any claim plaintiff is raising is unclear.

In the caption of the pleading, plaintiff lists more than 25 individuals or entities as defendants (*id.* at 1), some of whom are not mentioned within the body of the pleading. Additionally, plaintiff fails to name any individual defendants in the portion of his pleading entitled "Parties."  (*Id.* at 2).  Plaintiff's claims appear to arise from an incident on February 5, 2021, during which plaintiff alleges multiple prison officials used excessive force against him and subsequently issued Rules Violation Reports ("RVR").  (*Id.* at 2, 4-5, 7-8).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court now has screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c).  The Court's screening of the pleading under the foregoing statute is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a

complaint should be dismissed for failure to state a claim under [28 U.S.C. § 1915(e)(2)], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6).").  Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the factual allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts").  In addition, the Court may not dismiss a claim because a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged.  See Johnson v. City of Shelby, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).  Finally, in determining whether a complaint states a claim to relief that is plausible on its face, factual allegations are accepted as true and construed in the light most favorable to plaintiff. See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").  Nor is the Court "bound to accept as true

a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to set forth a short and plain statement of any claim and appear insufficient to state a federal civil rights claim against the named defendants.  Accordingly, the Complaint is dismissed with leave to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment" (internal quotation marks omitted)).

**If plaintiff desires to pursue any federal civil rights claims in this action, he is ORDERED to file a First Amended Complaint no later than September 16, 2022, remedying the deficiencies discussed below.  Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed without further leave to amend.[1]**

**A.     FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

Plaintiff's Complaint fails to comply with Rule 8(a) and Rule 8(d).  Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement**

---

[1]     Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  Additionally, Rule 8(d)(1) provides: "Each allegation ***must be simple, concise, and direct***.  No technical form is required."  Fed. R. Civ. P. 8(d)(1) (emphasis added).  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against them").  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages.  Johnson, 574 U.S. at 12.  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry, 84 F.3d at 1179.

As the Supreme Court has made clear, in order to state a claim against a particular defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each claim he wishes to raise "across the line from conceivable to plausible."  See Bell Atl. Corp., 550 U.S. at 570.  Here, the caption of plaintiff's Complaint lists dozens of defendants.  Most of these individuals are not identified, are referenced in the body of the pleading only once or twice (or never), and are not alleged to have taken a specific action at a particular time that *caused* plaintiff to suffer a constitutional deprivation.  In order to state a federal civil rights claim against a specific defendant, however, plaintiff must allege that each such defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute.  See West

5

1   v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "A person deprives another

2   'of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

3   participates in another's affirmative acts, or omits to perform an act which he is legally required

4   to do that *causes* the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d

5   628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis

6   and alteration in original)).  Plaintiff's Complaint fails to so allege.  For example, plaintiff lists "Rosa

7   Ibarra" as a defendant in the caption of the pleading (ECF No. 1 at 1), but it appears that plaintiff

8   is alleging that this person took only one action, in that plaintiff alleges that defendant Pulido "was

9   called by control booth Ms. Ibarra."  (*Id.* at 3).  In plaintiff's paragraph 9, entitled "Fourteenth

10  Amendment - Due Process, Gratuitous and Excessive Force," plaintiff lists 17 defendants including

11  Rosa Ibarra (*id.* at 4-5), and he then alleges that Rosa Ibarra "violated plaintiff's Fourteenth

12  Amendment rights by falsifying documents in an attempt to cover up and assist peers in covering

13  up their use of excessive force against plaintiff.  These falsified documents were also created to

14  establish a reason to justifiably place plaintiff in administrative segregation" (*id.* at 5).  No facts are

15  alleged showing that defendant Ibarra wrote any relevant document, had any knowledge of the

16  use of any force against plaintiff at any relevant time, or made any specific false statement.

17  Similarly, defendant Brian Perez is named in the caption of the pleading, is included in the list of

18  17 defendants in plaintiff's paragraph 9, and is alleged to have "violated plaintiff's Fourteenth

19  Amendment rights by falsifying documents to align those with the events documented by his peers

20  and not providing a lock up order to justify the SHU placement of plaintiff."  (*Id.* at 1, 5, 7).  Again,

21  no facts are alleged that this defendant wrote any relevant document, had any knowledge about

22  the use of force against plaintiff at a relevant time, or made any specific false statement at a

23  relevant time.  Further, plaintiff uses nearly identical language to allege that defendant Jilbert

24  Makarade "violated plaintiff's Fourteenth Amendment rights by falsifying documents to align those

25  with the events documented by his peers," but no facts are alleged against this defendant in the

26  pleading.  (*Id.* at 7).  Such bare and unsupported allegations are entirely insufficient to raise an

27  inference that a particular defendant took an action, participated in the action of another, or failed

28  to take an action that he or she was legally obligated to do that **caused** plaintiff to suffer a federal

1  civil rights deprivation.  See, e.g., Bell Atl. Corp., 550 U.S. at 556 ("an allegation of parallel conduct

2  and a bare assertion of conspiracy will not suffice").  A pleading that fails to raise more than a

3  "mere possibility of misconduct" is insufficient to show that the "pleader is entitled to relief."  Iqbal,

4  556 U.S. at 679 (internal quotation marks omitted).  Accordingly, the Court finds that plaintiff's

5  Complaint fails to set forth sufficient factual allegations to support a plausible federal civil rights

6  claim against any named defendant.

7         Further, plaintiff alleges that multiple defendants falsified documents in connection with an

8  appeal of a disciplinary action against plaintiff and/or in connection with grievances that plaintiff

9  filed.  However, plaintiff's allegations that prison officials failed to follow prison regulations in

10  interviewing witnesses or in completing documentation in connection with a disciplinary action

11  against plaintiff simply do not give rise to a federal constitutional deprivation.  (ECF No. 1 at 5);

12  see, e.g., Cousins v. Lockyer , 568 F.3d 1063, 1070 (9th Cir. 2009) (the failure to follow prison

13  regulations or policies is not a federal constitutional violation); Ove v. Gwinn, 264 F3d 817, 823

14  (9th Cir. 2001) (an alleged violation of California law fails to state a claim under § 1983).

15  Additionally, although plaintiff cites an "Attachment (B)" in connection with plaintiff's allegation that

16  defendants "failed to conduct a proper investigation" (id. at 5), none of the documents that plaintiff

17  attached to his pleading is so labeled.  To the extent that plaintiff is purporting to raise any claim

18  against any defendant arising from the allegedly improper or inadequate processing of plaintiff's

19  administrative grievances or appeals, an inmate has no federal constitutional right to an effective

20  grievance or appeal procedure and the mere participation of a prison official in plaintiff's

21  administrative appeal process is an insufficient basis on which to state a federal civil rights claim

22  against such defendant.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that

23  a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v.

24  Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a

25  grievance procedure").  Further, to the extent that plaintiff may be intending to allege a federal due

26  process claim arising from any defendant's alleged failure to properly process an administrative

27  grievance or appeal, the guarantee of procedural due process under the Fourteenth Amendment

28  applies only when a constitutionally protected liberty or property interest is at stake.  See Ingraham

1     v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth,

2     408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Shinault v. Hawks, 782 F.3d 1053,

3     1057 (9th Cir. 2015) ("Due process protections extend only to deprivations of protected

4     interests."). An inmate administrative appeal system does not implicate a liberty interest protected

5     by the Due Process Clause. See Mann, 855 F.2d at 640. Therefore, the allegedly inadequate or

6     incorrect handling of plaintiff's administrative grievances and appeals fails to give rise to a

7     plausible federal civil rights claim against any defendant.

8        In addition, the Court is unable to discern how many claims plaintiff is purporting to raise

9     in this action, or which of the many defendants plaintiff is purporting to raise which claim against.

10    In the section of the pleading entitled "Plaintiff [sic] Claims," plaintiff appears to be raising claims

11    for the use of excessive force against three defendants, Shimerian, Pulido, and Green. (ECF No.

12    1 at 4). Within a paragraph that is numbered 8 and entitled "Eighth Amendment - Excessive

13    Force," plaintiff does not allege any facts against defendant Green. It appears that plaintiff's

14    claim(s) against defendant Shimerian arises from the use of force against plaintiff when he "was

15    in handcuffs and shackles and posed no threat to staff" (id.), whereas the claim(s) against

16    defendant Pulido arises from allegedly "excessive force throughout the incident and when plaintiff

17    was restrained and posed no threat" (id.). Earlier in the pleading, in a section entitled "Summary

18    of Plaintiff's Complaint," plaintiff does set forth factual allegations against Officer Pulido during the

19    incident on February 5, 2021, including that Officer Pulido instructed plaintiff and inmate Young

20    to go downstairs, and both inmates complied. (Id. at 3). Plaintiff alleges that Officer Pulido then

21    "sprayed plaintiff in the back of the head," and plaintiff was "attacked by defendants Miller,

22    Gonzalez, Rosas, and Green with batons." It is not clear where this portion of the incident took

23    place or what action Officer Pulido is alleged to have taken when the four other officers attacked

24    plaintiff. Plaintiff then "ran, to avoid further injury." Plaintiff alleges that he "managed to run up the

25    B section stairs and into A section shower [sic]." (Id.). At an unspecified time later, plaintiff alleges

26    that defendants Pulido and Shimerian "interrupted [Officer] Werner cuffing [plaintiff] and physically

27    removed [Officer] Werner from carrying out her duties." (Id.). Officer Werner is named as a

28    defendant in this action and is alleged to have "pleaded with the officers to refrain from their

physical aggressive actions against plaintiff" at the time that Officer Werner was "cuffing" plaintiff (*id.* at 1, 3), but plaintiff later alleges that Officer Werner "falsif[ied] documents in an attempt to cover up and assist her peers in covering up their use of excessive force against plaintiff" (*id.* at 4-5). Plaintiff alleges that "defendants Pulido and Shimerian used excessive force at this point, as [plaintiff] was already submitting." The two officers "shoved their knee [sic] into [plaintiff's] back." Plaintiff also alleges that Officers Pulido and Shimerian "dragged plaintiff out of the building, across Facility B yard, into B gymnasium." Then "plaintiff was thrown to the ground and beaten with batons in the back of the head, neck, legs, hands, etc. as the officers' [sic] yelled obscenities." (*Id.* at 3). It is not clear which "officers" are alleged to have used batons against plaintiff. If plaintiff is intending to use these factual allegations in his Eighth Amendment claim as set forth in paragraph 8, then it appears that plaintiff is alleging multiple claims for the use of excessive force against Officers Pulido and Shimerian arising from different portions of the incident. Further, Officer Green's actions during the incident are unclear, and plaintiff's factual allegations appear to allege that other officers also used excessive force at various times. Accordingly, the Complaint violates Rule 8 because it fails to allege a minimum factual basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., McKeever, 932 F.2d at 798.

Additionally, in the portion of the pleading entitled "Plaintiff [sic] Claims," plaintiff's paragraph number 9 is entitled "Fourteenth Amendment - Due Process, Gratuitous and Excessive Force." To the extent that plaintiff is purporting to allege any claim for the use of excessive force against any of the 17 defendants listed in this paragraph, plaintiff does not set forth therein, nor reference any earlier alleged, factual allegations showing that any of the listed defendants took an action, participated in an action, participated in the action of another, or failed to take an action that he or she was legally obligated to do that **caused** plaintiff to be deprived of his right to be free from the excessive use of force at a relevant time or times. (ECF No. 1 at 4-7).

Plaintiff then alleges a paragraph 10 entitled "First Amendment - Retaliation," in which plaintiff alleges that an unspecified number of "Appeals coordinator(s) 'Does,' LAC [sic] Committee Members 'Does,' Correctional Officers 'Does' acted in retaliation against plaintiff willingly and with

malice." (*Id*. at 7-8).  Plaintiff then alleges that "[d]etails of all relevant actions taken by defendants . . . are in Attachment A of this complaint."  Not only are none of the numerous documents attached to the pleading identified as "Attachment A," but plaintiff cannot meet his burden under Rule 8 of stating "a short and plain statement of the claim" sufficient to provide  each defendant with fair notice of what plaintiff's claims are and the grounds upon which they rest by pointing generally to attachments to a pleading.  Plaintiff also states the unsupported allegation that unspecified "actions were a collaborative effort to bring about retaliation from multiple 602s that were submitted by plaintiff."  (ECF No. 1 at 4.)  The Court disregards plaintiff's bare and unsupported allegations that unspecified defendants acted with retaliatory intent.  To the extent that plaintiff is purporting to raise a claim for retaliation against a specific defendant, an action taken by a correctional officer in retaliation for the exercise of a First Amendment right is actionable under § 1983.  See, e.g., Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Filing a grievance with prison officials is protected activity under the First Amendment.  See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  However, in order to state a claim under the First Amendment against a particular defendant, plaintiff must set forth ***simple, concise, and direct*** factual allegations showing how and when each such defendant took a specific adverse action against plaintiff **because** of a particular grievance that plaintiff filed.  See, e.g., Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).  Here, plaintiff's Complaint fails to set forth  any factual allegations supporting his "naked assertion[s]" of retaliatory conduct sufficient to allow any defendant to discern what specific facts apply to which of plaintiff's claims against any defendant.  See, e.g., Iqbal, 556 U.S. at 678.

Although the Court must construe plaintiff's factual allegations liberally and may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory to support the claim alleged, plaintiff, at a bare minimum, must set forth a short and plain statement of the **factual** basis for each claim sufficient to give defendants fair notice of the grounds for each claim that plaintiff wishes to raise against each defendant.  See Johnson, 574 U.S. at 11; McKeever, 932 F.2d at 798.  Further, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159

1    L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as

2    advocates for *pro se* litigants").  In order to state a claim upon which relief may be granted, plaintiff

3    must allege sufficient **facts**, accepted as true, to state a claim against a defendant who is acting

4    under color of state law that is plausible on its face.  See, e.g., Iqbal, 556 U.S. at 678.  Here,

5    plaintiff's Complaint fails to set forth factual allegations showing how any named defendant

6    **caused** plaintiff to suffer a specific constitutional deprivation.  As the Supreme Court has held, a

7    pleading does not satisfy Rule 8 if it merely states a "defendant-unlawfully-harmed-me accusation"

8    or sets forth "naked assertion[s] devoid of further factual enhancement."  Iqbal, 556 U.S. at 678

9    (alteration in original, internal quotation marks omitted).

10       In addition, plaintiff appears to name the Warden of CSP-LAC as a defendant in this action,

11   but plaintiff's Complaint does not set forth any factual allegations against the Warden.  (ECF No.

12   1 at 1, 5-6).  To the extent that plaintiff is purporting to hold the Warden liable as a supervisor,

13   supervisory personnel are not liable under § 1983 on a theory of respondeat superior.  See, e.g.,

14   Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional

15   conduct of their subordinates under a theory of respondeat superior"); Redman v. County of San

16   Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Plaintiff fails to allege any facts showing

17   that this defendant set "in motion a series of acts by others," or "knowingly refus[ed] to terminate

18   a series of acts by others, which [the supervisor] knew or reasonably should have known would

19   cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir.

20   2011).  Accordingly, plaintiff's factual allegations fail to raise a claim to relief that is plausible on

21   its face against Warden Johnson.

22       Moreover, although plaintiff is proceeding *pro se* in this action, he must comply with the

23   Federal Rules of Civil Procedure and the Local Rules of the District Court for the Central District

24   of California.  See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro*

25   *se* litigants are not excused from following court rules"); see also L.R. 83-2.2.3 ("Any person

26   appearing *pro se* is required to comply with these Local Rules and with" the Federal Rules.).

27   Pursuant to Fed. R. Civ. P. 10(a), the caption of the pleading must include all defendants listed

28   in the body of the pleading.  See also Local Rule 11-3.8(d).  Further, plaintiff must number all

1  pages of a First Amended Complaint consecutively.  See, e.g., L.R. 11-1, 11-3.1, 11-3.1.1, 11-3.3,

2  11-3.6, 11-3.8, 11-5.2, 11-5.3.

3      The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the

4  allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.  Here,

5  however, plaintiff's Complaint fails to set forth factual allegations supporting any plausible claim

6  against any named defendant, and it appears that plaintiff is purporting to raise multiple different

7  claims within each of the two claims that he appears to allege in the pleading.  Plaintiff's Complaint

8  also fails to comply with Rule 8(a)(3) in that the pleading fails to set forth a separate demand for

9  the relief that plaintiff is seeking against any defendant.

10      Accordingly, the Court finds that the Complaint fails to comply with Rule 8 and fails to set

11  forth a "short and plain statement" showing the factual basis for any federal civil rights claim

12  against any named defendant.  A pleading that merely alleges "naked assertion[s] devoid of further

13  factual enhancement" is insufficient to comply with Rule 8.  Iqbal, 556 U.S. at 678 (alteration in

14  original, internal quotation marks omitted).  If plaintiff wishes to proceed on any federal civil rights

15  claim in this action, then plaintiff should include a list of all defendants that he wishes to name in

16  this action within the body of the pleading, and he should allege in an amended pleading "simply,

17  concisely, and directly [the] events" that entitle him to damages from each named defendant.  See

18  Johnson, 574 U.S. at 12.

19

20  B.      **ELEVENTH AMENDMENT IMMUNITY**

21      Plaintiff appears to name as defendants the California Department of Corrections and

22  Rehabilitation ("CDCR") and/or the prison where plaintiff formerly was housed.  However, in Will

23  v. Mich. Dep't. of State Police, 491 U.S. 58, 64-66, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989),

24  the Supreme Court held that states and state agencies are not persons subject to civil rights suits

25  under 42 U.S.C. § 1983, and that a suit against a state official in his or her official capacity is "no

26  different from a suit against the State itself."  The Eleventh Amendment bars federal jurisdiction

27  over suits by individuals against a State and its instrumentalities, unless either the State consents

28  to waive its sovereign immunity or Congress abrogates it.  Pennhurst St. School & Hosp. v.

1  Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  While California has
2  consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent
3  does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., 858 F.2d
4  1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105
5  S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does
6  not constitute a waiver of California's Eleventh Amendment immunity).  Finally, Congress has not
7  repealed State sovereign immunity against suits under 42 U.S.C. § 1983.

8      Accordingly, to the extent that plaintiff is purporting to name the CDCR or CSP-LAC as
9  defendants in this action, state agencies are immune from all civil rights claims raised pursuant
10 to § 1983.  See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the
11 nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d
12 1114 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against
13 Alabama and its Board of Corrections).  In addition, to the extent that plaintiff may be purporting
14 to seek damages from any state official in his or her official capacity, the Eleventh Amendment
15 "bars actions against state officers sued in their official capacities for past alleged misconduct
16 involving a complainant's federally protected rights, where the nature of the relief sought is
17 retroactive, i.e., money damages."  Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

18

19 **C.    EIGHTH AMENDMENT CLAIMS FOR THE EXCESSIVE USE OF FORCE**

20     Plaintiff appears to have been a state prisoner at the relevant times, and any claims he
21 alleges concerning the use of excessive force by prison officials would thus arise under the Eighth
22 Amendment's Cruel and Unusual Punishment Clause rather than the Fourteenth Amendment's
23 Due Process Clause.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 161, 60 L. Ed. 2d 447
24 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in
25 considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only
26 after the State has complied with the constitutional guarantees traditionally associated with
27 criminal prosecutions").  The use of excessive force by a prison official constitutes a violation of
28 the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156

(1992); see also Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (if an "Amendment provides an explicit textual source of constitutional protection against [certain] … physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"); Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the more subjective standard of substantive due process." (internal quotation marks omitted)).  Under the Eighth Amendment, however, not "every malevolent touch by a prison guard" violates a prisoner's constitutional rights.  Hudson, 503 U.S. at 9; see also Watison v. Carter, 668 F.3d 1108, 1113-14 (9th Cir. 2012).  "Force does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'"  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In addition, "the Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Wilkins v. Gaddy, 559 U.S. 34, 37-38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (per curiam).

Here, as discussed above, it is not clear which factual allegations give rise to what claims under the Eighth Amendment against which defendants.  Further, to the extent that plaintiff is purporting to allege a claim arising from the pursuit of plaintiff by prison officials while plaintiff ran "up the B section stairs and into A section shower [sic]," any use of force prior to plaintiff being restrained would appear to have been necessary to restore discipline or order.  (ECF No. 1 at 3); see, e.g., Hoard v. Hartman, 904 F.3d 780, 788 (9th Cir. 2018) (constitutional analysis "turns on whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm").  Because the Complaint violates Rule 8 and plaintiff has failed to set forth a "short and plain statement" showing the factual basis for any federal civil rights claim that plaintiff is purporting to raise against each of the numerous defendants, it is not possible for the Court to determine if plaintiff has alleged sufficient factual

allegations against a specific defendant to nudge a claim for the use of excessive force "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

\* \* \*

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with an opportunity for amendment. Based on the above deficiencies, plaintiff's Complaint is **dismissed with leave to amend**. If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint **no later than September 16, 2022**, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.

The First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other attachment or document. Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to each claim. Further, if plaintiff chooses to proceed with this action, then plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Plaintiff must also comply with the Local Rules of this Court. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED:  August 17, 2022

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE