UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04942-DOC (SP) | Date | September 6, 2023 |
|---|---|---|---|
| Title | SHARROD MOTEN v. PEDRO PULIDO, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**   **(In Chambers) Order Denying Purported Motions for Preliminary and Permanent Injunction [81, 82]**

Plaintiff filed what purport to be a Motion for a Permanent Injunction on CDCR on July 31, 2023 (docket no. 81), and a Motion for Temporary and Preliminary Injunction on August 1, 2023 (docket no. 82). The motions are identical apart from their titles, and they do not in fact request any particular injunctive relief.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (internal quotations marks and citation omitted; emphasis in original). The plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted). The requirements for a permanent injunction are essentially the same except the plaintiff must demonstrate actual success on the merits and that he has suffered an irreparable injury. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006); *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019).

The court need not reach the questions of likelihood of success on the merits, irreparable harm, balance of equities, and public interest here. Although titled as motions for preliminary or permanent injunction, the motions appear to be an attempt to litigate the underlying merits of the case, as well as other issues not raised in the Third Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04942-DOC (SP) | Date | September 6, 2023 |
|---|---|---|---|
| Title | SHARROD MOTEN v. PEDRO PULIDO, et al. | | |

Complaint ("TAC").  The motions do not set forth facts and evidence to demonstrate the factors necessary for injunctive relief.  Instead, the motions consist of allegations of myriad violations by countless individuals in various correctional facilities, state court, and this court, including ineffective assistance of trial counsel, prosecutorial misconduct, falsification of documents, retaliatory transfer to another prison, racial discrimination, and judicial misconduct.   Most of the allegations are new and unrelated to this action.  Further, plaintiff does not even specify what relief he seeks; he simply requests "a[n] injunction throughout CDCR."  The Prison Litigation Reform Act requires that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  To the extent plaintiff is seeking relief concerning all the allegations in the motions, the court can only guess at what relief that might be.  As such, these motions are not in fact motions for injunctive relief, and they cannot be granted.

  Should plaintiff consider filing an actual motion for injunctive relief in the future, plaintiff should be aware that the court lacks jurisdiction over non-parties.  It is well established that a federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) (as amended).  Accordingly, "[u]nder Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them.'" *Zepeda*, 753 F.2d at 727; *see also Citizens Alert Regarding the Env't v. U.S. E.P.A.*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), aff'd, 102 Fed. App'x 167 (D.C. Cir. 2004) (a district court is "powerless to issue an injunction against" an entity that is "not a party to [the] action").  "[T]here [also] must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

  On April 12, 2023, the court ordered that plaintiff may proceed on the Third Amended Complaint ("TAC") on one claim – Eighth Amendment excessive force – against defendants Pedro Pulido and Garen Shimarian only.  But here, plaintiff appears to seek to some sort of relief with respect to over 75 named and unnamed non-party individuals concerning actions unrelated to the conduct in the TAC.  As such, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04942-DOC (SP) | Date | September 6, 2023 |
|---|---|---|---|
| Title | SHARROD MOTEN v. PEDRO PULIDO, et al. | | |

lacks jurisdiction to grant injunctive relief against those non-party individuals even if plaintiff were to file a proper motion for injunctive relief.

In sum, the purported motions for injunctive relief do not in fact seek injunctive relief, but instead appear to be seeking to expand the allegations in this case beyond the TAC to encompass new allegations and claims against non-parties. This is improper. IT IS THEREFORE ORDERED that plaintiff's purported motions for preliminary and permanent injunctions are **DENIED** without prejudice.